**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-5174**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

SHILOH RANA BENNETT, a/k/a Regina Dianne Bennett,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Henry M. Herlong, Jr., Senior District Judge.  (6:08-cr-00206-HMH-2)

———————

Submitted:  May 25, 2012           Decided:  June 7, 2012

———————

Before WILKINSON, NIEMEYER, and GREGORY, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Benjamin T. Stepp, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant.  David Calhoun Stephens, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shiloh Rana Bennett appeals the twenty-four-month sentence imposed upon revocation of her term of supervised release. Bennett's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether the district court committed any procedural error rendering the sentence plainly unreasonable. Bennett was advised of her right to file a pro se supplemental brief, but she did not file one. We affirm.

We will not disturb a sentence imposed after revocation of supervised release that is within the prescribed statutory range and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 437-39 (4th Cir. 2006). In making this determination, "we follow generally the procedural and substantive considerations" used in reviewing original sentences. Id. at 438.

A sentence is procedurally reasonable if the district court has considered the policy statements contained in Chapter Seven of the Guidelines and the applicable 18 U.S.C. § 3553(a) (2006) factors, id. at 440, and has adequately explained the sentence chosen, though it need not explain the sentence in as much detail as when imposing the original sentence. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). A

2

sentence is substantively reasonable if the district court states a proper basis for its imposition of a sentence up to the statutory maximum. Crudup, 461 F.3d at 440. If, based on this review, the appeals court decides that the sentence is not unreasonable, it should affirm. Id. at 439.

In the initial inquiry, this Court takes a more deferential posture concerning issues of fact and the exercise of discretion than it does applying the reasonableness review to post-conviction Guidelines sentences. United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007). Only if the Court finds the sentence unreasonable must the Court decide whether it is "plainly" so. Id. at 657.

Although counsel questions whether there is any procedural error rendering Bennett's sentence plainly unreasonable, he identifies no such error. The district court properly calculated the policy statement range and, citing Bennett's recidivism, sentenced her to twenty-four months' imprisonment, the top of the policy statement range and the statutory maximum. 18 U.S.C. § 3583(e)(3) (2006); U.S. Sentencing Guidelines Manual § 7B1.4(a) & (b)(3)(A), p.s. (2007). We conclude that the district court committed no procedural error.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for

3

appeal. We therefore affirm. This court requires that counsel inform his client, in writing, of her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy of the motion was served on his client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED